UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR08-177-RSL |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| ROBERT SHANNON, | ) | |
| Defendant. | ) | |

Offense charged:    Conspiracy to Distribute Cocaine and Marijuana

Date of Detention Hearing:    June 11, 2008

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1.    Defendant has been charged with a drug offense the maximum penalty of which is in excess of ten years. There is therefore a rebuttable presumption against defendant as to both

dangerousness and flight risk, under 18 U.S.C. §3142(e).

2.	Defendant is a Canadian citizen. He is not currently employed. The AUSA alleges that the defendant is one of the main organizers of a sophisticated international drug trafficking organization and that approximately 7300 gross pounds of marijuana with a street value of $18 million and approximately 1300 gross pounds of cocaine with a street value of $12 million have been seized from drug trafficking operations conducted by the organization. The Indictment charges that defendant oversaw the North American narcotics transportation network. The indictment charges, and the AUSA proffers, that defendant and a coconspirator planned to bribe a border agent to facilitate the importation of a shipment of marijuana into the United States, and met with an undercover agent on multiple occasions to plan the distribution of approximately 352 pounds of marijuana into the United States, assuming the undercover agent to be a corrupt law enforcement officer.

3.	Although defendant has strong ties to the British Columbia community in which he lives, he has no ties to this District. A detainer has been placed by the Bureau of Immigration and Customs Enforcement.

4.	Taken as a whole, the record does not effectively rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

It is therefore ORDERED:

(1)	Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody

01         pending appeal;

02   (2)  Defendant shall be afforded reasonable opportunity for private consultation with
03         counsel;

04   (3)  On order of a court of the United States or on request of an attorney for the
05         Government, the person in charge of the corrections facility in which defendant is
06         confined shall deliver the defendant to a United States Marshal for the purpose of
07         an appearance in connection with a court proceeding; and

08   (4)  The clerk shall direct copies of this Order to counsel for the United States, to
09         counsel for the defendant, to the United States Marshal, and to the United States
10         Pretrial Services Officer.

11 DATED this 11th day of June, 2008.

_[signature]_
Mary Alice Theiler
United States Magistrate Judge